**Rhonda Denise JACKSON,**
**Plaintiff–Appellant,**

v.

**CITY OF FRESNO; Kennan Rodems,**
**Officer, Defendants–Appellees.**

**No. 05–16857.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 20, 2007.*
Filed May 14, 2007.

Salvatore Sciandra, Esq., Kevin G. Little, Esq., Attorney at Law, Fresno, CA, for Plaintiff–Appellant.

Rosemary T. McGuire, James Darvin Weakley, Esq., Weakley Ratliff Arendt & McGuire, LLP, Fresno, CA, for Defendants–Appellees.

Before: SCHROEDER, Chief Circuit Judge, TROTT, Circuit Judge, and FEESS **, District Judge.

MEMORANDUM ***

Appellant Rhonda Denise Jackson was shot by Fresno police officers who were

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gary A. Feess, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

called to her apartment when she threatened to commit suicide with a shotgun. Jackson survived the shooting and brought a civil rights action against the City of Fresno and several individual officers alleging, among other claims, the use of excessive force and a violation of California Civil Code § 52.1 in connection with a search of her apartment. A jury returned a verdict in favor of all Defendants; Jackson now appeals.

On appeal Jackson contends that the district court erred in two respects: (1) in granting Appellees' motion for judgment on the Section 52.1 claim on the ground that any interference with Jackson's constitutional rights was not caused by threats, intimidation, or coercion; and (2) in refusing to give a jury instruction to the effect that a citizen's mere possession of a firearm does not justify an officer's use of deadly force. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the grant of a judgment as a matter of law. *M2 Software, Inc. v. Madacy Entm't*, 421 F.3d 1073, 1086 (9th Cir.2005). We review the rejection of a proposed jury instruction for abuse of discretion. *See Jones v. Williams*, 297 F.3d 930, 934–35 (9th Cir. 2002).

 Jackson's claim under Section 52.1 fails as a matter of law. The statute plainly includes, as an element, that the deprivation of a constitutional right must result from a threat, intimidation, or coercion. *Jones v. Kmart Corp.*, 17 Cal.4th 329, 70 Cal.Rptr.2d 844, 949 P.2d 941, 942 (1998). Here, even assuming that a Fourth Amendment violation occurred, Jackson presented no evidence from which a reasonable jury could have concluded that the alleged violation resulted from any coercive behavior on the part of Appellees. On the contrary, the record reflects that the search did not occur until at least two hours after Jackson had been removed from her apartment and taken to the hospital for treatment. Accordingly, the district court correctly entered judgment for Appellees as a matter of law on the Section 52.1 claim.

Regarding the jury instructions, the record reflects that the district court instructed both on the use of force and the use of deadly force and properly instructed the jury that it should assess the officer's conduct in light of the totality of the circumstances viewed from the standpoint of a reasonable police officer at the time the force was employed. *See, e.g., Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Jackson v. City of Bremerton*, 268 F.3d 646, 651 (9th Cir. 2001). Because Jackson's proposed instruction added nothing of substance to the instructions given, the district court's rejection of Jackson's proposed instruction was a proper exercise of its discretion. *See Kendall–Jackson Winery, Ltd. v. E. & J. Gallo Winery*, 150 F.3d 1042, 1051–52 (9th Cir.1998).

AFFIRMED.